## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 24-cr-180-PTG-2** |
| **RYAN MACAULAY** | ) | |
| | ) | |
| | ) | |

### MOTION FOR PRETRIAL RULING ON EXISTENCE OF A CONPIRACY AND ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

Defendant Ryan Macaulay, by and through undersigned counsel, respectfully moves this Court to conduct a pretrial hearing to determine the existence of a conspiracy and to determine the admissibility of any statements of alleged co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E). Mr. Macaulay is before this Court charged by Indictment with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, Bank Fraud, in violation of 18 U.S.C. § 1344, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and Money Laundering-Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957. *See* Dkt. No. 1.

### LAW AND ARGUMENT

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is a statement made by a co-conspirator or party during the course of and in furtherance of the conspiracy.  The Fourth Circuit has held that such a statement is admissible if the Court finds "(1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy."  *United States v. Blevins*, 960

F.2d 1252, 1255 (4th Cir. 1992); *see also United States v. Squillacote*, 221 F.3d 542, 563 (4th Cir. 2000).

Although the Fourth Circuit does not adhere to a "formalistic requirement" that a conspiracy be determined before the statements can be conditionally admitted, *see Blevins* at 1256, "the better practice is for the Court to determine before the hearsay is admitted that the evidence independent of the hearsay testimony proves the existence of a conspiracy sufficiently to justify the admission of the hearsay declaration," *see United States v. Jackson*, 627 F.2d 1198, 1219 (D.C. Cir. 1980). (citing *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979), cert. denied, 442 U.S. 917; *United States v. Macklin*, 573, F.2d 1046, 1049 n.3 (8th Cir. 1978); *United States v. Petrozziello*, 548 F.2d 20, 23 n.3 (1st Cir. 1977)); *see also* Fed. R. Evid. 104. These procedures need to precede the trial because of the degree of prejudice Mr. Macaulay will suffer if a jury were to rely on a co-conspirator's statements without the court first addressing and deciding the admissibility question. *See United States v. James, supra.*

More importantly, the co-conspirator or party must have made the statement "in the course of and in furtherance of the conspiracy." See *Bourjaily v. United States*, 483 U.S. 171 (1987). The party seeking introduction must show the existence of the conspiracy and the declarant's role in the conspiracy through independent evidence but may supplement that evidence with the statements of the declarant. *United States v. Afridi*, 241 F. App'x 81, 84 (4th Cir. 2007). In resolving these preliminary facts, the Court may consider all evidence before it, whether admissible at trial or not, including the co-conspirator statements sought to be admitted. *Bourjaily*, 483 U.S. at 176-81. This places a considerable burden on the government to overcome the presumption of unreliability that attaches to all out-of-court statements while at the same time producing sufficient evidence to prove by a preponderance of the evidence that a conspiracy did,

in fact, exist. *Id*. In reaching its decision, the Court may exercise its wide range of power to remove Mr. Macaulay from an atmosphere that will cloud a jury's judgment on the facts alone.

The Supreme Court made clear that under Rule 104(a) of the Federal Rules of Evidence courts can make decisions on preliminary questions of admissibility of evidence, including co-conspirator statements under Rule 801(d)(2)(E). Fed. R. of Evid. 104(a); *Bourjaily*, 483 U.S. at 180-181.  As Judge Weinstein commented:

> It is the contention of the treatise that a fair and practicable method of protection to the defendant without violating the letter or spirit of the rule relies in insisting on a stringent standard of proof before the Court admits a co-conspirator's statement in a criminal case.  Only if the Court is convinced to a higher degree of probability, considering hearsay as well as no-hearsay evidence of the conspiracy, of the defendants' membership and the statement was made during the course of and in furtherance thereof should it be admitted.

Weinstein, EVIDENCE §104.

The admissibility of a co-conspirator's declaration in a conspiracy trial poses problems precisely because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror, despite instructions to disregard the statements or to consider them conditionally. As a result, such statements should be evaluated by the trained legal mind of the trial judge pretrial.

WHEREFORE, for the foregoing reasons, and any others the court may deem appropriate, Ryan Macaulay requests that this Court conduct a pretrial hearing to determine the existence of a conspiracy and to determine the admissibility of any statements of alleged co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E).

3

Respectfully Submitted,


_____/s/_____
David Benowitz
VSB # 91194
Rammy G. Barbari
VSB # 88414
Price Benowitz LLP
409 7th Street, NW, Suite 200
Washington, D.C. 20004
Tel: 202-271-5249
Tel: 202-870-0139
Fax: 202-664-1331
david@pricebenowitz.com
rammy@pricebenowitz.com

*Counsel for Ryan Macaulay*


## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October 2024, a true and correct copy of the

foregoing Defendant's Motion has been served via CM/ECF to all parties in this matter.


_____/s/_____
David Benowitz