THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN MACAULAY,<br><br>*Defendant*. | Case No. 1:24-cr-180-PTG |

**RESPONSE IN OPPOSITION TO DEFENDANT MACAULAY'S MOTION
FOR PRETRIAL RULING ON EXISTENCE OF A CONSPIRACY**

On August 15, 2024, a grand jury indicted defendant Ryan Macaulay and his coconspirator Raymond Rahbar on charges of conspiracy, bank fraud, and money laundering.[1] The Indictment alleges Macaulay participated in two overlapping conspiracies: one to fraudulently obtain Paycheck Protection Program loans, and another to spend the proceeds of the alleged fraud.

On October 25, 2024, Macaulay moved for a pretrial hearing to determine the existence of a conspiracy and the admissibility of coconspirator statements. The Court should deny this motion. Macaulay proposes a cumbersome pretrial hearing that would waste the Court's time, the parties' time, as well as the time of potential third-party witnesses. What's more, this hearing is unnecessary given the tools the Court possesses to protect Macaulay and the proceedings. Instead of a pretrial hearing, the Court should follow common practice and allow the United States to conditionally admit coconspirator statements subject to later connection. Such a process would streamline the trial without running afoul of relevant law. For these reasons, and as explained in greater detail below, the Court should deny Macaulay's motion.

---

[1] The Indictment also included charges of aggravated identity theft and bankruptcy fraud against Rahbar.

1

**Legal Standard**

Trial courts must determine the legal question of the admissibility of coconspirator statements. *United States v. Chindawongse*, 771 F.2d 840, 845 n.4 (4th Cir. 1985); *United States v. Anderson*, 611 F.2d 504, 510-511 (4th Cir. l979). To do so, the court may examine and use the hearsay statements the United States seeks to introduce. *Bourjaily v. United States*, 483 U.S. 171, 174 (1987). The court can examine the proffered statements at trial instead of a pretrial hearing. *United States v. Mitchell*, 733 F.2d 327, 329-330 (4th Cir. 1984) (rejecting defendants' argument that the trial court erred by rejecting defendants' request for a pretrial hearing to determine whether a conspiracy existed). As the Fourth Circuit has repeatedly held, the court can "admit conditionally the declarations of coconspirators before the conspiracy has been independently established," as long as later evidence fulfills that "factual predicate." *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). Put differently, a trial court has discretion to admit coconspirator statements and other evidence of the conspiracy in whatever order it sees fit. *See United States v. Meredith*, 824 F.2d 1418, 1428 (4th Cir. l987); *Mitchell*, 733 F.2d at 329-330; *Hines*, 717 F.2d at 1488; *United States v. McCormick*, 565 F.2d 286, 289 n.5 (4th Cir. l977).

To introduce coconspirator statements against a defendant, the United States need not prove the existence of the conspiracy beyond a reasonable doubt. *United States v. Jones*, 542 F.2d 186, 203 (4th Cir. 1976). Far from it, admission of coconspirator statements requires only *prima facie* proof of the conspiracy and the declarant's connection to it. *United States v. Stroupe*, 538 F.2d 1063, 1065-66 (4th Cir. 1976); *United States v. Vaught*, 485 F.2d 320, 323 (4th Cir. l973). Once the United States crosses that threshold by a "fair preponderance," the court should leave the question to the jury. *Stroupe*, 538 F.2d at l065-1066; *Vaught*, 485 F.2d at 323.

**Argument**

The Court should reject Macaulay's request to hold a pretrial hearing to determine the existence of a conspiracy. Such a hearing could involve almost as many witnesses and as much testimony as the trial. This time-consuming mini-trial would waste judicial resources and unnecessarily burden third-party witnesses. This is even more true in light of the Court's ability to determine the admissibility of coconspirator statements in real-time.

Rather, the Court should allow the United States to conditionally admit coconspirator statements before proving the existence of the conspiracy. This approach is preferable for at least two reasons. *First*, this approach allows the United States to present evidence in a logical and orderly manner. By allowing conditional admission, the Court can streamline the trial and eliminate the need to have a witness testify once about what they witnessed and again later about coconspirators' statements. *See United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980) (noting that "many times, witnesses are in possession of both hearsay testimony of coconspirators and evidence that independently tends to prove the existence of the conspiracy" and explaining that calling and later re-calling a witness "is just impractical"). Avoiding the confusion and disruption associated with splitting a witnesses' testimony benefits both the jury, the Court, and the third-party witnesses who must disrupt their lives to testify at trial. *Id*. Importantly, such a practice falls squarely within a trial court's discretion. *See* FED. R. EVID. 611 ("The Court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, [and] (2) avoid needless consumption of time").

*Second*, the Court can protect Macaulay's rights without resorting to the drastic measures he proposes. Specifically, the Court can conditionally admit statements subject to connection

later. *Meredith*, 824 F.2d at 1428; *see also United States v. Ricks*, 882 F.2d 885, 894 (4th Cir. 1989). If the Court deems it necessary, it can give a cautionary instruction to the jury at the time those statements are admitted. *United States v. Gutierrez*, 993 F.2d 1540 (4th Cir. 1993); *United States v. Zandi*, 769 F.2d 229, 236 (4th Cir. 1985). At the close of the United States' case-in-chief, the Court can strike testimony insufficiently connected up. *Jackson*, 627 F.2d at 1218-1219 (D.C. Cir. 1980). And after all evidence is presented, the Court can even declare a mistrial or dismiss insufficiently proven conspiracy counts. *Hines*, 717 F.2d at 1488. Together, these tools provide ample protection to Macaulay without the need for a pretrial hearing.

## Conclusion

For the reasons stated above, the Court should deny Macaulay's motion.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: November 14, 2024    By: _____
Christopher J. Hood
Kristin S. Starr
*Assistant United States Attorneys*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2024, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

Christopher J. Hood
Assistant United States Attorney