THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:24-cr-180-PTG |
| RAYMOND RAHBAR, and RYAN MACAULAY | Trial Date: April 22, 2025 |
| *Defendants*. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT RAHBAR'S MOTION I*N LIMINE* REGARDING PEREMPTORY CHALLENGES**

On March 28, 2025, defendant Raymond Rahbar, Jr. filed a motion *in limine* with the Court seeking additional peremptory challenges for both defendants and seeking Court permission for the challenges to be excised individually, rather than jointly. *See* ECF No. 95. For the reasons below, the Court should reject both requests.

**I.   Procedural Background**

On August 15, 2024, a grand jury indicted Raymond Rahbar, Jr. and Ryan Macaulay. *See generally* Indictment, ECF No. 1. The grand jury thereafter returned a 14-count Superseding Indictment on November 14, 2024, charging the defendants with: (Count 1) Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349; (Counts 2-6) Bank Fraud, in violation of 18 U.S.C. § 1344(2); (Count 7) Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); (Counts 8-11) Money Laundering – Unlawful Monetary Transaction, in violation of 18 U.S.C. § 1957; (Counts 12-13) Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; and (Count 14) Bankruptcy Fraud – Perjury, in violation of 18 U.S.C. § 152(2).

ECF No. 38. Rahbar is charged with all 14 counts while Macaulay is charged only with Counts 1, 5, 7, and 11. Trial is set to commence on April 22, 2025.

## II. Legal Standard

Federal Rule of Criminal Procedure 24 generally provides that, in non-capital felony cases, the "government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year." Fed. R. Crim. P. 24(b)(2). However, the "court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b); *see also See* Fed. R. Crim. P. 24(c)(4) (providing that each side is entitled to additional peremptory challenges based on the number of alternate jurors impaneled).

Although Rule 24 permits the court to grant additional challenges in multi-defendant cases, it is within the court's discretion to grant or deny additional peremptory challenges. *See Stilson v. United States,* 250 U.S. 583, 586 (1919). In *Stilson,* two co-defendants appealed their convictions claiming that their Sixth Amendment right to an impartial jury was violated when they were denied ten "separate and independent" peremptory challenges in a trial where the applicable statute provided them with ten to be exercised jointly. *Id.* at 585–86. The Supreme Court stated that "[t]he requirement to treat the parties defendant as a single party for the purpose of peremptory challenges has long been a part of the federal system" and held that "there is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured." *Id.* at 586.

Courts in the Fourth Circuit have denied additional peremptory challenges even when there are multiple defendants. *See, e.g., United States v. Meredith,* 824 F.2d 1418, 1423 (4th Cir. 1987) (affirming the district court's denial of a request for additional peremptory challenges in a seven-defendant case under an abuse of discretion standard); *United States v. Cowan,* Nos. 95–5508, 95–5509, 1996 WL 521049, at *9–10 (4th Cir. Sept. 16, 1996) (rejecting defendants' arguments that each defendant was a different "side" entitled to separate peremptory challenges and holding that "the discretion given to the trial court to allow additional peremptory challenges to multiple defendants in capital, felony, and misdemeanor cases further implies that multiple defendants have no right to additional challenges.") (unpublished); *United States v. Smith,* Nos. 94–5741, 94–5742, 94–5762, 1996 WL 88056, at *1–2 (4th Cir. March 1, 1996) (finding that the district court did not err in refusing to grant more challenges than statutorily required) (unpublished); *United States v. Gilmore*, No. 1:00CR00104, 2004 WL 228967, at *3 (W.D. Va. Feb. 4, 2004) (denying additional peremptory challenges beyond the Rule 24 strictures where there were three defendants and two of them faced the death penalty). Cases in other circuits arrive at the same conclusion. *See, e.g., United States v. Cochran,* 955 F.2d 1116, 1121 (7th Cir.) (no abuse of discretion in refusing to grant more than ten joint peremptory challenges to defendants in a five-defendant drug case), *United States v. Vallez,* 653 F.2d 403, 405 (9th Cir.) (since the government did not seek the death penalty, three defendants tried jointly in a murder case were not entitled to a total of twenty challenges), *cert. denied*, 454 U.S. 904 (1981).

### III.	Argument

Rahbar seeks additional peremptory strikes and the ability to exercise strikes individually, rather than jointly, under a constellation of legal theories, including: "[R]ights to a fair and impartial jury, to due process, to a fair trial, to the effective assistance of counsel, and other

3

rights protected by the Fifth, Sixth, and Eight Amendments to the United States Constitution." ECF No. 95 at 1.

Yet none of the three cases cited in Rahbar's pleading support his proposition that the defendants are entitled to additional peremptory challenges under any of the grounds for relief mentioned. In *Pointer v. United States*, a state court imposed a process by which the court provided a list of potential jurors (after the exercise of strikes for cause) simultaneously to the defendant and government. Both sides were required to exercise challenges simultaneously, and the first twelve unchallenged jurors would constitute the jury of the case. 151 U.S. 396, 411 (1894). The *Pointer* court found that the method employed by the state court was not "in derogation of the right of peremptory challenge belonging to the accused." *Id.* at 416. The Court in *Rosales-Lopez v. United States* dealt with the adequacy of *voir dire* pertaining to racial prejudice, not to providing a defendant with additional peremptory challenges. 451 U.S. 182, 188 (1981) (noting that inadequate *voir dire* impairs the ability make informed peremptory challenges). Nor does *Irwin v. Dowd* stand for the proposition that a defendant in Rahbar's situation is entitled to additional peremptory strikes. 366 U.S. 717, 722 (1961).

To be sure, a court in this district has partially granted the relief the defendant requests; however, the circumstances of that case were distinct from the case before this Court. In *United States v. Hasan*, the government charged five defendants with piracy, firearms, and related crimes in connection with an assault on a United States Navy frigate off the coast of Somalia. *United States v. Hasan*, 747 F. Supp. 2d 642 (E.D. Va. 2010), *aff'd sub nom. United States v. Dire*, 680 F.3d 446 (4th Cir. 2012). The case involved, among other things, issues related to confidential information under the Classified Information Procedure Act. *Id.* at 655. A defendant sought additional peremptory challenges and the permission to use challenges separately from

other defendants because: (1) the trial was set in the Norfolk Division, where the jury pool likely includes people linked to the U.S. Navy footprint; and (2) the likelihood of heightened local media coverage. *Id.* at 699. The *Hasan* court granted the defendant's motion in part, reasoning:

> Although this Court, like the Government is skeptical of Ali's assertions about the nature of the jury pool in this Division, the Court believes that the unique nature of this case justifies providing Defendants and the Government with additional peremptory challenges, to ensure an unbiased jury. While providing additional peremptory challenges may protract jury selection to some degree, it is unlikely to be unduly burdensome, especially in light of the novelty and complexity of this case. In any event, the Court finds it to be an appropriate safeguard to ensure that Defendants are afforded a fair trial.

*Id.* at 699. Ultimately, the Court increased the number of peremptory challenges by the government to nine and the number of peremptory challenges by the defendants to eighteen. In the same breath, the Court also denied the defendant's motion to exercise peremptory challenges separately, because the "Defendants appear to share the same interest in obtaining an unbiased jury." *Id.*

This case bears none of the "novelty and complexity" of *Hasan*, has fewer defendants, and minimal media interest. Rahbar has raised no concerns of a biased jury pool, because none exist. Both Rahbar and Macaulay were involved in filing fraudulent Paycheck Protection Program claims (like many other fraudsters around the country). Rahbar's naked assertion that the purported "district roles" of defendants in the fraud counsel "different strategies during the trial, including jury selection," ECF No. 95 at 3, are woefully short of an explanation why additional peremptory strikes are needed to afford the defendants with a fair trial and/or ensure the impartiality of the jury. Nor does Rahbar explain why the defendants alone should receive additional peremptory challenges, as opposed to the approach of *Hasan* that granted both the government and defendants additional challenges. Lastly, like *Hasan*, both defendants "have the same interest in obtaining an unbiased jury," *Hasan* at 699, and the defendants fail to establish

why they would be deprived a fair trial absent the right to exercise peremptory challenges independently.

### IV. Conclusion

The United States respectfully requests that this Court reject the defense motion *in limine* (ECF No. 95).

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By:     */s/*
Avi Panth
Virginia Bar No. 92450
Christopher J. Hood
Kristin S. Starr
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (804) 819-5400
Fax: (804) 819-7417
Email: Avishek.Panth@usdoj.gov