UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 24-cr-180-PTG-2 |
| **RYAN MACAULAY** | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT MACAULAY'S MOTION IN LIMINE TO PRECLUDE TESTIMONY PROTECTED BY THE MARITAL COMMUNICATION PRIVILEGE AT TRIAL**

The defendant, Ryan Macaulay, by and through undersigned counsel, respectfully requests this Court issue an Order in Limine to preclude Andrea Macaulay and the government from presenting any testimony that falls within the scope of Mr. Macaulay's marital communications privilege.

In support of this Motion, counsel states the following:

*Introduction*

On August 15, 2024, Mr. Macaulay was charged by Indictment and Superseding Indictment with one count of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, one count of Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and one count of Money Laundering – Unlawful Monetary Transactions, in violation of 18 U.S.C. §§ 1957 and 2. *See* Dkt. No. 1 and 38. Mr. Macaulay's jury trial is now set for April 22, 2025. *See* Dkt. No. 61.

*Law and Argument*

The Supreme Court has established that marriage confers two distinct evidentiary privileges: 1) the spousal testimonial privilege, and 2) the marital communications privilege. The spousal testimonial privilege grants the witness-spouse the right to refuse to testify against the

1

other. *United States v. Trammell*, 445 U.S. 40, 51 (1980). In contrast, the marital communications privilege, which resides in the defendant-spouse, allows them to prevent disclosure of confidential communications shared with their spouse. *United States v. Parker*, 834 F.2d 408, 410-11 (4th Cir. 1987).

The marital communications privilege protects information that is privately disclosed between spouses in the confidence of the marital relationship as privileged. *See United States v. Parker*, 834 F.2d 408, 411 (4th Cir. 1987). Marital communications are presumptively confidential. *See Parker*, 834 F.2d at 411. However, when a third party is present, the presumption is negated. *Pereira v. United States*, 347 U.S. 1, 6 (1954). The privilege, held by the defendant spouse, allows them to prevent disclosure of confidential communications shared with their spouse. *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995). Importantly, the privilege only covers verbal communications, not actions. *Pereira*, 347 U.S. at 6. If the conduct was not intended to convey a confidential message, it is not protected by the privilege. See, e.g., *United States v. Estes*, 793 F.2d 467. Finally, the privilege does not apply if the communication involves the commission of a crime in which both spouses are involved. *Id*.: *United States v. Broome*, 732 F.2d 353, 365 (4th Cir. 1984), cert. denied, 469 U.S. 855 (1984).

Andrea Macaulay is Mr. Macaulay's wife and is not an alleged co-conspirator or co-defendant in this matter. Therefore, Mr. Macaulay respectfully asserts his marital communications privilege, and requests that this Court instruct the government not to elicit, and Ms. Macaulay not to testify, as to any information that could fall within the scope of the martial communications privilege.

Respectfully submitted,

_____/s/_____
David Benowitz
VSB # 91194
Rammy G. Barbari
VSB # 88414
Price Benowitz LLP
409 7th Street, NW, Suite 200
Washington, D.C. 20004
Tel: 202-271-5249
Tel: 202-870-0139
Fax: 202-664-1331
david@pricebenowitz.com
rammy@pricebenowitz.com

*Counsel for Ryan Macaulay*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2025, a true and correct copy of the foregoing Defendant's Motion has been served via CM/ECF to all parties in this matter.

_____/s/_____
David Benowitz